ELLIS, Judge.
The plaintiffs, husband and wife, have filed this suit against the Baton Rouge Bus Company and its insurer for damages allegedly arising as the result of the wife having fallen from the bus to the ground when attempting to open the door in order to step off the bus.
Plaintiffs alleged that on January 2, 1955 at approximately 8:30 P.M. the plaintiff and their three small children were riding on Bus No. 115, and that said bus was stopped for the purpose of unloading passengers and that when the wife first attempted to open the door of the bus it was stuck and did not open. When she pushed again on the door in order to get out of the bus the door came open suddenly causing her to fall out of the bus upon the ground on her stomach and into the mud and gravel, seriously injuring her. Plaintiffs alleged that the bus company was negligent in not keeping the doors of the bus in proper state of repair so as to render safe ingress and egress, and were negligent in permitting the bus to be operated in such a dangerous condition upon the street in carrying passengers, and that such a condition caused and created a “hazardous and physical trap for all fare paying passengers using same.” They further charge that the bus company was aware or should have been aware of the defect.
The- allegations of plaintiffs’ petition were denied and in the alternative defendant plead contributory negligence.
The case was duly tried and resulted in a judgment dismissing plaintiff’s suit at their costs, hence this appeal.
It is shown by the record that the plaintiffs together with their children had been to a picture show and were returning home on the bus and signalled the driver to bring the bus to a stop so that they could unload. The wife stated that she had a baby bottle and a purse in her left hand and that when the bus came to a stop she pushed on the door and it did not open, and she pushed again and the door came open suddenly and threw her on the ground. Evidently as she fell one of her feet was caught by the door as it closed and her husband pushed the door and released her foot.
It is proven that the door on the bus is known as a “safety door” and is in general use throughout the country. It can not be opened while the bus is moving nor can the bus be moved while it is open. It will serve no useful purpose to detail the expert testimony offered by the defendant which conclusively showed that the door on this bus was in perfect condition, had been regularly inspected and was demanded as equipment in the State of Texas. The day and night operators of this bus also testified that there had been no trouble or other accidents in which passengers had fallen while alighting from or getting on the bus. The driver of the bus on the particular night that the accident happened made another full round and could detect absolutely nothing wrong with this door. While expert testimony was offered as to the exact working of the door and inspection sheets to show that the bus and door had been inspected at regular intervals according to the rules of the company and found to be in excellent shape, a detailed description of the door as given by their testimony is not necessary. The plaintiffs admitted that they rode the bus often and were familiar with the operation of the door and with the fact that it had bars that people could hold onto when they were getting on or off the bus and which the evidence shows the plaintiff wife could not have done as she was pushing with her *259 right hand and had her left hand full with a purse and bottle. She knew that it was necessary for the bus to come to a complete stop and for the operator to release the door before she was supposed to push on it. She testified that she heard the noise made by the release of the door, however, it is obvious that she pushed on the door either before the bus came to a full stop or the operator had released the door so that it could be opened, and the door failing to open she pushed harder. Prior to the second push the operator had evidently released the door so that it did open and she lost her balance and fell out the door. The plaintiff wife, when asked how she got out of the bus, frankly testified: “I had to open the door. I fell out to be frank.”
Plaintiff has utterly failed to prove the allegations of its petition which charged the bus company with specific negligence and the proof falls far short of showing any facts which counsel for plaintiff in his brief stated he believed to have happened, viz.: that the operator “failed to properly operate the control valve for unlocking the door * * * ” and, secondly, that “the door just failed to operate properly * * * ” Counsel does not state in his brief in what manner the driver failed to properly operate the control valve. According to the testimony there is only one way to do it and it is done mechanically by the driver. It is clearly shown that when the door is released the passenger must push it open.
Plaintiffs have failed to prove any negligence whereas the defendant has really proven no negligence on the part of the operator of the bus or any of its equipment as being responsible for the plaintiff wife having fallen out the door. Her accident was due to her own negligence and carelessness in the manner in which she performed an act with which she was perfectly familiar and had done bn many other occasions.
The judgment of the District Court is correct and should be affirmed. Plaintiffs are relieved of costs as the suit is one in forma pauperis.